## SOFGE *v.* SUPREME LODGE KNIGHTS OF HONOR.

### (*Nashville.* March 23, 1897.)

1. KNIGHTS OF HONOR. *Rights of beneficiary under benefit certificate.*

   A beneficiary named in a benefit certificate of the Knights of Honor, has not such vested interest therein as will prevent the member from changing the beneficiary, and surrendering the certificate for a new one, when the certificate itself and the rules of the order reserve to the member the ultimate right to cancel and dispose of the certificate. (*Post, pp. 447–453.*)

   Cases cited and approved: Handwerker *v.* Diermeyer, 96 Tenn., 619; Life Association *v.* Winn, 96 Tenn., 226; Catholic Knights *v.* Kuhn, 91 Tenn., 214; Tennessee Lodge *v.* Ladd, 5 Lea, 719; 123 N. Y., 85.

2. SAME. *Reasons for changing beneficiary in certificate.*

   The insufficiency of the reasons inducing a member of the Knights of Honor to change the beneficiary in a benefit certificate from his wife to his children by a former wife, does not affect the validity of the change, where the power of revocation and change is reserved in the certificate itself, and authorized by the rules of the order, and the first beneficiary has, therefore, no vested interest. (*Post, p. 453.*)

---

### FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

EDWIN A. PRICE for Sofge.

BRYAN & CARTWRIGHT for Defendants.

McALISTER, J.   The struggle in this case is between adverse claimants to a fund of $2,000, proceeds of a benefit certificate in the Knights of Honor.   The contest is between the widow and children, respectively, of Louis Lopp, deceased, who was a member of Vanderbilt Lodge, Knights of Honor, and died in good standing, February 13, 1895.   In 1892, Louis Lopp, being then a widower, with children by a former wife, intermarried with the defendant.   At this time he was a member of the Knights of Honor, carrying a benefit certificate on his life in the order.   Prior to his marriage with his second wife, they entered into a marriage contract, whereby he released all his marital rights to any property she then had, or might thereafter acquire.   Soon after the marriage, Mr. Lopp canceled his certificate, then outstanding in the order, and caused another certificate to be issued, payable to his wife, which was delivered to her and kept by her until these proceedings were commenced.   This certificate was dated December 6, 1892.   Thereafter, for reasons best known to himself, Mr. Lopp caused the cancellation of the benefit certificate to his wife, and the issuance of another, payable to his children by his former wife.   It appears that certificates issued by the order at this time, and the one issued payable to Mrs. Lopp, contained the following: "Provided that this certificate shall not have been surrendered by said member, or canceled at his request, and another certificate issued in accordance

with the laws of the order.'' Art. 9, Sec. 2, of the by-laws, provides: '' If the benefit certificate of a member be lost or beyond his control, the member may, in writing, surrender all claim thereunder, and direct that a new certificate be issued to him, payable to the same or other beneficiary, in accordance with the laws of the Order, upon making affidavit to the fact, and paying a fee of fifty cents, to be forwarded by the reporter with the affidavit to the Supreme Reporter. The issuing of such new benefit certificate shall cancel and render null and void any and all previous certificates to such member.''

The Court of Chancery Appeals found that '' Mr. Lopp, in securing a change of his benefit certificate from his wife to his children by his former wife, proceeded under said section by making an affidavit, as required thereby. This affidavit was sworn to February 1, 1894, before a Notary Public. Therein, among other things, after designating his children to whom he desired his insurance to be paid, he stated as the reason why he could not surrender the certificate then outstanding, that it was held by his wife, who declined to surrender it.'' Affiant then stated that '' he, therefore, hereby surrenders all rights, benefits, and interests in and to benefit certificate dated December 6, 1892, and requests the officers of the Supreme Lodge to issue to him another one, as hereinbefore stated.'' The Court of Chancery Appeals further found that the children

had no part or instrumentality in securing this benefit certificate, but that Mr. Lopp kept the fact of his change of benefit certificate from his wife, nor did any officers of the order notify her of the change. The Court of Chancery Appeals, affirming the decree of the Chancellor, held that Mrs. Lopp had no vested interest in the benefit certificate issued payable to her; that it had been legally canceled in conformity to the constitution and laws of the Supreme Lodge, Knights of Honor, by the subsequent issuance of the certificate payable to the children of Louis Lopp, and that these children were entitled to the fund.

Mrs. Lopp has appealed to this Court, and assigned errors: First, the rules and by-laws of the order are made for the protection of the order only, and are not invoked by the order in this case, because, it having paid the money into Court, is completely discharged from all liability to any beneficiary. Second, while Mrs. Lopp could only acquire a contingent interest during the life of her husband, as against the lodge, she did acquire such an interest as against him, or those claiming under him, by the delivery and acceptance of the certifiate made payable to her, as that she could not be deprived of it, by any subsequent action of Mr. Lopp in having a new certificate issued, and changing the beneficiaries. It is insisted that this was a gift to her of just such interest as she could then acquire, and which would ripen into a complete vested in-

14 p—29

terest at his death; that having made a completed
executed gift of whatever interest he possessed, and
having exercised his power of appointment, he could
not, as against his donee and appointee, revoke the
gift, and re-exercise the same power in favor of an-
other party.   Counsel cite the case of *Tennessee Lodge*
v. *Ladd,* 5 Lea, 719, as expressly recognizing the
principle that a member has an interest which he
can pass by a valid executed contract, or by deliv-
ery of the policy as a gift.

The questoin sought to be made in this assign-
ment of error has frequently been before this Court,
and as uniformly resolved against the contention of
appellant.   The principle so well settled is that the
beneficiary of such a certificate has no vested in-
terest in the same so long as the certificate itself,
as well as the rules of the order, reserve to the
assured the ultimate right-of cancellation and dispo-
sition of the certificate.   In the case of *Handwerker*
v. *Diermeyer,* 96 Tenn., 619, we said, viz.: "Under
the rules and by-laws of the Knights of Honor, any
member of the order has a right to change the
beneficiary in his certificate, and so long as he lives
the said certificate is within his absolute power of
disposition."   In the case of *Life Association* v.
*Winn,* 96 Tenn., 226, it was said, viz.: "In an
ordinary life policy, where the beneficiary is some
other than the assured, and no control over the
policy is reserved to him by its terms, the law is
that the interest of the beneficiary vests at the

time the contract of insurance is complete, and cannot be affected by subsequent acts, etc., of the assured. . . . But the policy sued on in this action is not one that, upon its issuance, passed beyond the control of the assured. On the contrary, the first of the conditions, which are set out on the back of the policy, and by its terms made part thereof, is as follows: "The member, or insured, may, upon the approval of the president, change the beneficiary herein named, by surrendering this policy and designating another beneficiary having a lawfully insurable interest in the life of the insured; in which event the within named beneficiary shall have no claim upon, or be entitled to receive anything whatever from, the association." Under such a policy, the beneficiary acquires no vested interest until the death of the assured occurs. Until this event takes place, owing to the right of revocation, which is by the condition reserved to the assured, the beneficiary has a mere expectancy, depending upon the will and act of the assured. And this expectancy does not rise to the dignity of a property right." *Catholic Knights* v. *Kuhn*, 91 Tenn., 214.

We do not overlook the point pressed in argument that the rules and by-laws of the order are made for its protection, and that no issue is made in this case with the order, but that it has paid the money into Court and retired from the contest. While this is true, the respective rights of these

claimants must be determined by a consideration of the power reserved to the assured, under the rules and by-laws of the order, to deal with the benefit certificate issued upon his life. These rules and by-laws of the order are imported into the contract of insurance, and Mrs. Lopp, accepting the benefit certificate, was fixed with constructive notice of the power of revocation and cancellation reserved to the assured. So long as the power of revocation remains in the assured, Mrs. Lopp had no vested interest in the certificate but a bare expectancy, depending upon the will and act of the assured. As said by the Court of Appeals of New York, in *Smith* v. *N. B. Society*, 123 N. Y., 85, viz.: "Where the right of the payee has no other foundation than the bare intent of the assured, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect. In such a case, the designation of the beneficiary is in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and remaining wholly under his control."

As stated by the Court of Chancery Appeals, "in orders of the kind here, who shall be the beneficiaries of its members, under certificates of insurance issued by them, are, in the absence of a statute, determined by their laws, so long as they do not violate some public policy of the State. When, therefore, a benefit certificate, issued by an order of

this character, is called in or canceled in conformity to its laws, it ceases to have any legal existence, and the substituted certificate can alone be recognized. It follows that the holders of the substituted certificate are entitled to this fund to the exclusion of Mrs. Lopp, whose certificate was canceled and annulled.''

It is wholly immaterial to inquire why Mrs. Lopp's certificate was canceled, whether upon sufficient or insufficient reasons. So long as she had no vested interest in it, these considerations are wholly apart from the real controversy in this case.

Affirmed.