Simms v. Randall.

P. D. SIMMS, Admr., *v.* MABEL RANDALL *et al.*

(*Knoxville.* September Term, 1906.)

1. **LIFE INSURANCE.** Beneficiary. **Rights of, not divested without consent, when.**

When a life insurance policy is issued payable to a third person whose relationship to the assured is such as to authorize the taking out of insurance for the benefit of such party, the general rule is that a right is at once vested which cannot be divested without the consent of the beneficiary.

Case cited and approved: Gosling v. Caldwell, 1 Lea, 454.

2. **SAME. Same. May be changed at will of assured, when right to do so is reserved.**

Where, however, the by-laws of the benefit society or order, or the terms of the certificate or policy of life insurance, permit the member, or the assured, to change the beneficiary at pleasure, the rule stated in the first headnote does not apply, and the beneficiary acquires no vested interest, but has a mere expectancy, depending alone upon the will of the assured.

Case cited and approved: Life Association v. Winn, 96 Tenn., 224.

3. **SAME. Same. Case in judgment.**

The by-laws of a mutual benefit society provided that members might change beneficiaries on application accompanied by the consent of the original beneficiary and surrender of the original certificate. The certificate was issued to a member for the benefit of his sister, who died before the member. The member made no change in the certificate, and at his death it remained as it had been originally issued, "payable to" his sister. *Held,* that the sister died the owner of a vested interest in the certificate, and the fund accruing on the death of the member passed under the statute of distribution to her distributees.

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County.—
T. M. McCONNELL, Chancellor.

R. H. WILLIAMS and NATHAN BACHMAN, for Simms.

WHITE & MARTIN, for Randall et al.

MR. CHIEF JUSTICE BEARD delivered the opinion of the
Court.

One J. H. Randall was a member of the Expressman's
Aid Society from the year 1874 until his death, which
occurred on the 22d of February, 1905. This was a
corporation organized as a mutual insurance and benefit
society. On the 7th of July, 1874, at his instance, there
was issued to him a certificate, on the face of which it
was provided that the benefit secured to him as a mem-
ber should be paid to Miss A. M. Randall, his sister,
who was at that time, in part, dependent upon and sup-
ported by him. Miss Randall, the beneficiary, died in
the year 1903; her death thus antedating that of her
brother. The latter made no change in the certificate,
and at his death it remained as it had been originally
issued, "payable to Miss A. M. Randall." Both these
parties died intestate. The complainant in the present.

cause qualified as the administrator of the estate of J. H. Randall, and also as administrator of the estate of Annie M. Randall. The fund, accruing from this beneficial certificate, amounting to $1,524, was paid into his hands by the society, and the present bill is filed against the distributees of these two estates for the purpose of having the court determine the question as to its proper disposition.

In the opinion of the court of chancery appeals, delivered in this cause, the articles of the Expressman's Aid Society, so far as they were necessary to show the purpose of the organization, and to furnish aid in the solution of the question presented, are set out. With regard to the purpose of this organization, it is only necessary to say that its constitution provided that the object of the society was the collection of contributions from its members, in accordance with a fixed table of rates, and the distribution of the same to such beneficiaries as were entitled to the same at the death or permanent disability of a member. It is a purely mutual institution, founded upon the good faith of its members, and it is provided that any employee of a responsible express company in good health, and approved by a member of the express company, might become a member of the society by subscribing to its articles. There is a further provision that at the time of joining the society a certificate of membership should be issued, signed by its proper officers, bearing the official seal of the society,

117 Tenn—35

stating to whom the benefit fund should be paid at the death of the member, in case the same is not to be paid to himself. Article 14, however, is that one which controls this litigation. In it, it is provided that members may change beneficiaries by making application therefor in writing through the local secretary of the society, accompanied by the written consent of the original beneficiary, if capable of consenting thereto, acknowledged before a notary public and attested by two witnesses, and therewith returning and surrendering the original certificate. Upon this being done a new certificate was to be issued. By the terms of this article, however, no change could be made where the beneficiary already named was under a legal disability—for instance, was a married woman, insane, and the like.

Under this article it will be observed that the control of the assured over the certificate after it had been issued, naming some other person than the assured as a beneficiary, was limited. It was not within his power, at his own pleasure, to surrender the old and require a new certificate to be issued payable to another beneficiary. This could only be done with the consent of the beneficiary already named, given in the most formal way, and there was a large class of persons who, laboring under disability, were not permitted to give this consent. In view of this controlling provision in the constitution and by-laws of this society, the question, then, is: Were the benefits to accrue from this certificate so vested in Miss A. M. Randall that they were not

affected by her death, though it occurred prior to that of J. H. Randall? It is well settled in this State, and the holding here is in accord with the great weight of authority, that, when a policy is issued payable to a third person whose relationship to the assured is such as to authorize the taking out of insurance for the benefit of such party, a right is at once vested which cannot be divested without the consent of the beneficiary. *Gosling* v. *Caldwell,* 1 Lea, 453, 27 Am. Rep., 774. An exception to this general rule exists, however, when the by-laws of the association or order, or the terms of the certificate, or policy, permit the member to change the beneficiary at pleasure. In such case, as is said in *Life Association* v. *Winn,* 96 Tenn., 224, 33 S. W., 1045: "The beneficiary acquires no vested interest . . . owing to the right of revocation, which is by the condition reserved to the assured." In other words, there the beneficiary has a mere expectancy, depending alone upon the will of the assured.

The certificate, however, in the present case, and the article of the society, already set out, are clearly distinguishable from the policy and the conditions in controversy in the case last referred to and the authorities which were cited in the opinion of the court in support of the principle there announced. In the case at bar there was no right of revocation reserved, and the assured, as has already been seen, could not deprive the beneficiary of this certificate without her consent. In this respect, we think, the case is in line with the rule

announced in *Gosling* v. *Caldwell,* supra, and the authorities with which that case is in accord.    For, with regard to a policy such as was there in controversy, while the assured could not at his own pleasure change the beneficiary, yet with the consent of the latter, legally competent to give consent, he could make such change. So it is the stipulation in article 14 conferred no more control over the certificate than the assured could have had without it—it neither limited the right of the original beneficiary, nor enlarged the power of the assured over it — for, without it, upon the consent of Miss Randall, she not being under disability, the certificate issued to her might have been surrendered, and a new certificate naming another beneficiary could have been issued.

We think it clear that Miss Randall died the owner of a vested interest in the certificate, and the fund which accrued upon the death of J. H. Randall passed under the statute of distribution to her distributees.

The decree of the court of chancery appeals is therefore reversed, and a decree will be entered here in accordance with this opinion.