CRITTENDEN LUMBER Co. *v.* A. F. WARD.*

*(Nashville.* December Term, 1925.)

1. **VENDOR AND PURCHASER.**

Election of remedies *held* not to preclude action by vendor against purchaser who defaulted in payment of notes, for deficiency unsatisfied by proceeds of lands on foreclosure. (*Post, p.* 382.)

2. **VENDOR AND PURCHASER.**

Bond for title *held* in equity to be substantially equivalent to sale of land by conveyance, with purchase money secured by mortgage or trust deed. (*Post, pp.* 382, 383.)

Cases cited and approved: Strauss v. White, 66 Ark., 167; Higgs v. Smith, 100 Ark., 543; Fairbairn v. Pofahl, 144 Ark., 313; White v. Blakemore, 76 Tenn., 48; Gudger v. Barnes, 51 Tenn., 570.

3. **JUDGMENT.**

Foreclosure proceeding against purchaser served by publication *held* valid proceeding in rem and conclusive on him. (*Post, p.* 383.)

4. **VENDOR AND PURCHASER.**

Bill in equity by vendor, who gave bond for title against purchaser to recover deficiency judgment after foreclosure, need not show tender of deed or offer to convey. (*Post, pp.* 383-385.)

Cases cited and approved: Blumberg v. Birch, 99 Cal., 416; Baum v. Tonkin, 110 Pa., 569; Porter v. Pillsbury, 36 Me., 278; Webber v. Blanc, 39 Fla., 224; Bank v. Martin, 53 N. J. Eq., 463; N. Y. Life Ins. Co. v. Aitkin, 125 N. Y., 660.

5. **CONTRACTS.**

Bond for title, not containing express requirement for making of deed to purchaser, *held* not void for lack of mutuality. (*Post, p.* 385.)

Crittenden Lbr. Co. v. Ward.

**6. VENDOR AND PURCHASER.**

Bond for title, to become absolute unless conveyance is made, will be construed in equity as enforceable obligation to make conveyance, regardless of whether it contains requirement for deed. (*Post*, p. 385.)

---

*Headnotes 1. Mortgages, 27 Cyc., p. 1758; Vendor and Purchaser, 39 Cyc., p. 1905 (Anno); 2. Vendor and Purchaser, 39 Cyc., p. 1231; 3. Judgments, 33 C. J., Section 45; 4. Vendor and Purchaser, 39 Cyc., p. 1956; 5. Vendor and Purchaser, 39 Cyc., p. 1206; 6. Vendor and Purchaser, 39 Cyc., p. 1537.

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. —Hon. D. W. De Haven, Chancellor.

C. L. Marsilliot, for appellant.

A. W. Ketchum and M. C. Ketchum, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

Complainant lumber company sold certain Arkansas lands to Ward, who paid in cash $7,179.10 and gave six notes of $7,136.98 each, maturing annually for the balance, referring on the face thereof to a certain bond for title to the lands. This bond, which was delivered to the purchaser and thereafter registered, was in the sum of $50,000, obligating the lumber company to convey good title to Ward after payment of the notes. Ward, to whom possession of the lands had been given,

defaulted in payment of the first note, and thereafter the lumber company instituted a foreclosure suit in Arkansas against Ward and parties to whom he had assigned his interest in the lands. In this proceeding, sale was duly had of the lands; the lumber company becoming the purchaser for a consideration of $30,000, which sum was by the terms of the decree credited on the indebtedness. Ward and his codefendants being nonresidents of Arkansas, service was had upon them by publication, with incidental notice by registered mail, pursuant to law.

The bill in this cause was brought to recover judgment against Ward for the deficiency unsatisfied by the credit aforesaid of the proceeds of the lands, being the balance on the notes with interest and taxes accrued during his possession.

A demurrer was interposed by defendant, Ward, on two specific grounds: (1) That the complainant had exhausted its remedy under its bond by the foreclosure proceeding; and (2) that no tender had been made of a deed as required by the bond for title. This appeal is from the decree of the chancellor sustaining the demurrer, without stating his reasons, and dismissing the bill.

Under the first ground it is said that the foreclosure proceeding "was one in annulment or disaffirmance of the contract, whereas the present suit is one in affirmance, being an action on the purchase-money notes;" the doctrine of election of remedies, which precludes inconsistent remedies, is invoked. To this we do not assent.

No inconsistency is presented; rather the contrary. A proceeding to have appropriated to the payment of its unsatisfied claim for balance purchase money the

identical lands sold is in confirmance of the sale. This conclusion is not affected by the form of the transaction adopted by the parties to the sale. Bond for title is generally recognized in equity as substantially equivalent to a sale of land by means of a conveyance with the purchase money secured by mortgage or trust deed, and the courts of both Arkansas and Tennessee so hold. *Strauss* v. *White,* 66 Ark., 167, 51 S. W., 64; *Higgs* v. *Smith,* 100 Ark., 543, 140 S. W., 990; *Fairbairn* v. *Pofahl,* 144 Ark., 313, 222 S. W., 16; *White* v. *Blakemore,* 8 Lea (76 Tenn.), 48; *Gudger* v. *Barnes,* 4 Heisk. (51 Tenn.), 570.

Nor are we of opinion that it was necessary that the bill in the instant case should have shown a tender of a deed of conveyance, or an offer to convey. In the view taken, the question elaborately briefed of whether the covenants of the vendor to convey and of the vendee to pay were dependent or independent undertakings is immaterial. The question does not here arise. This suit is to recover a personal judgment for the deficiency of the debt for balance purchase money and taxes, after the land which was the original subject of the sale had been foreclosed in a court of competent jurisdiction of the subject-matter, and the proceeds applied by that court in *pro tanto* satisfaction of the debt. This was a valid proceeding in rem, conclusive upon defendant, Ward, against whom, however, being before that court by publication only, no judgment *in personam* was or could be rendered. Whatever might have been his rights to demand a deed prior to or in that proceeding as a condition of enforcement against him of his purchase-money obligation, such right has been cut off by the said foreclosure. The following statement in 27 Cyc., p. 1758,

of the general rule is well supported by authorities cited:

"Action for Deficiency—(a). Right of Action. Where the proceeds of a foreclosure sale are not sufficient to satisfy the mortgage debt, and plaintiff did not recover a deficiency judgment in the foreclosure suit, or was prevented from doing so by want of authority in the court to grant it, want of jurisdiction over defendant, or other cause, he may thereafter maintain an action at law against the person liable for such deficiency, basing his action either on the note or bond secured by the mortgage, or on the foreclosure judgment, or simply on the indebtedness arising from the foreclosure and the failure of its proceeds to extinguish the original debt or claim."

To the same effect, see Am. & Eng. Ency., 985; Thomp. on Real Prop., vol. 5, p. 972, section 4754.

Only in states such as California and Idaho, having statutes specifically restricting the right to recovery of deficiency claims to the foreclosure proceeding is the rule otherwise, and it is doubtful if this exception would be applied in those jurisdictions under circumstances like those in the instant case, where the defendant was beyond the jurisdiction of the court having jurisdiction of the *rem*.

Among many cases that might be cited, the following will be found to be particularly in point: *Blumberg* v. *Birch*, 99 Cal., 416, 34 P., 102, 37 Am. St. Rep., 67; *Baum* v. *Tonkin*, 110 Pa., 569, 1 A., 535; *Porter* v. *Pillsbury*, 36 Me., 278; *Webber* v. *Blanc*, 39 Fla., 224, 22 So., 655; *Bank* v. *Martin*, 53 N. J. Eq., 463, 33 A., 45; *N. Y. Life Ins. Co.* v. *Aitkin*, 125 N. Y., 660, 26 N. E., 732.

While it is argued that the contract is wanting in mutuality, in that the bond fails to contain expressly a requirement for the making of a deed to the purchaser, we are satisfied that a fair construction of its provisions as a whole, giving application to the evident intent of the parties, renders this objection untenable. If nothing more appeared, the giving of a bond to become absolute unless a conveyance is made will be construed in equity as an enforceable obligation to make the conveyance.

It follows that the decree of the chancery court must be reversed and the cause remanded.