# NATIONAL LIFE & ACCIDENT INS. CO. v. BRYANT et al.—179 S. W. (2d), 937.

Middle Section.   November 13, 1943.

Petition for Certiorari denied by Supreme Court, March 4, 1944.

J. L. Reynolds, of Nashville, for complainant.

Jos. L. Lackey, of Nashville, for defendant David E. Bryant.

W. A. Guild, of Nashville, for defendants Georgia Chadwell and Smith Wall.

HOWELL, J. The original bill in this cause was filed as a bill of interpleader and alleged that the complainant had issued and there were outstanding two life insurance policies upon the life of Bessie Bryant, aggregating the sum of $275, and that the admitted liability upon these policies was $291.50. It asked to be permitted to pay these amounts into Court and that it be allowed a fee for its solicitor and be discharged. The bill further alleged that the defendant, David Bryant, was the named beneficiary in these policies and had filed a claim with it and that the defendants Georgia Chadwell and Smith Wall, administrator, were also making claims against it for the proceeds of the policies. The bill contained the other necessary allegations required for a bill of interpleader. The defendant Georgia Chadwell filed an answer as a cross-bill setting up her claim to the funds and the defendant, Smith Wall, administrator, also answered the original and cross-bill. The defendant David Bryant filed an answer as a cross-bill in which he set up his claim for the proceeds of these policies. The case was put at issue by the filing of all necessary answers. The amount of $291.50 which was the face value of the two policies plus $16.50 sick benefit was paid into the registry of the Court and on the hearing the bill was sustained as a bill of interpleader and the Chancellor held that, after the payment of the costs and a fee of $25 to the solicitor for the

original complainant, the remainder of the fund should be paid to David Bryant.

Georgia Chadwell and Smith Wall, administrator, have appealed to this Court and assigned errors.

The case was tried by stipulation upon oral testimony and the Chancellor filed a memorandum opinion but did not find the facts.

■ Section 10620 of the Code of Tennessee requires a finding of facts by the Chancellor in all cases tried on the facts in the Chancery Court and brought to this Court for review. Provident Life & Accident Insurance Co. v. Globe Insurance Co., 156 Tenn., 571, 3 S. W. (2d), 1057; Hicks v. Hicks, 168 Tenn., 539, 79 S. W. (2d), 802; Stiner v. Powells Valley Hardware Company, 168 Tenn., 99, 75 S. W. (2d), 406.

The two policies involved were issued upon the life of Bessie Bryant, formerly Bessie Rooney, and afterwards married to David Bryant, and David Bryant was named as the beneficiary in both policies and paid all of the premiums upon them.

On October 6, 1942, Bessie Bryant executed a will in which she named Georgia A. Chadwell as sole beneficiary.

On October 7, 1942, David Bryant was granted a divorce from Bessie Bryant.

■ Each policy contained a change of beneficiary clause as follows:

"The beneficiary hereunder may be changed by the insured by consent of the Company endorsed hereon."

On October 12, 1942, William A. Guild, solicitor for Bessie Bryant, called at the district office of the complainant in the Cotton States Building, in Nashville, that being the proper office of the company for the transaction of such business, and requested the district man-

ager, Mr. Langford, to have the beneficiary of the policies changed from David Bryant to Georgia Chadwell. He left the policies with Mr. Langford. He was advised by Mr. Langford that it would be necessary for the insured, Bessie Bryant, to sign the form requesting this change and then for an official of the Company to endorse its consent thereon. Directions were given by Langford on October 13, 1942, to superintendent Rhodes to visit the insured for the purpose of getting her to sign this request. The insured was in a hospital in East Nashville which was quite a distance from the office of the Company. Rhodes did not get to the hospital that day and Bessie Bryant died on that afternoon, October 13, 1942, without having requested a change of the beneficiary except through her counsel, Mr. Guild, as above set out. The terms of the policies as to a change of the beneficiary were not carried out. The request made by the solicitor of the agent Langford was not a compliance with the policy requirements and the circumstances of the case are not such that the maxim that equity will consider as done that which should have been done can be invoked to create a right contrary to the contract between the parties which was evidenced by the terms of the policy.

The subject is fully discussed in the case of Cronbach v. Aetna Life Insurance Company in 153 Tenn., 362, 284 S. W., 72, 73, and the Court said:

"The rules of law applicable to such cases and approved generally by the courts of this country are succinctly and accurately set forth in 37 Corpus Juris, sec. 350, p. 584, as follows:

" ' Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy,

at the home office of the company, and the indorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed in the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit and protection, a waiver by it after the death of insured is ineffectual as against the original beneficiary. On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary had been accomplished where he had done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy.' "

The maxim invoked by appellants cannot be relied upon against the complainant and the beneficiary to create a right contrary to the terms of the policy and

in disregard of the rights of the named beneficiary. It is unfortunate for Georgia Chadwell that the insured did not enter upon her undertaking to change the beneficiary earlier. The fact that the insured died on the afternoon of the day that the Superintendent Rhodes was asked to visit her and secure a request for change of beneficiary and before he saw her and before the change could reasonably have been consented to by an official of the Company is equally unfortunate. Mere intention to make the change will not suffice. See also Holmes v. Gooch & Metropolitan Life Insurance Company, 3 Tenn. App., 80; Davs v. Davis, 136 Tenn., 520, 190 S. W., 459.

It is insisted for the appellant, Georgia Chadwell, that on account of the fact that David Bryant had obtained a divorce from Bessie Bryant on October 7, 1942, he could not recover upon the policy in question by reason of Section 8451 of the Code of Tennessee. This section is as follows:

"If the bonds of matrimony be dissolved at the suit of the wife or husband, the husband shall have no curtesy in her realty nor distributive share in her personalty."

We cannot agree with this contention. The Code Section quoted does not operate to make void the terms of the insurance policy which named David Bryant as the beneficiary. Marquet v. Aetna Life Insurance Co., 128 Tenn., 213-224, 159 S. W., 733, L. R. A. 1915B, 749, Ann. Cas. 1915B, 677. See also Merriam v. National Life & Accident Insurance Company, 169 Tenn., 291, 86 S. W. (2d), 566.

It is also insisted by appellants that the Court erred in sustaining the original bill as a bill of interplead-

er and in assessing the costs, including a fee of $25 to the Solicitor for the complainant, against the fund. We find no merit in this assignment. The filing of the original bill was made necessary by the conflicting claims against the company for the proceeds of these policies and the facts clearly presented a case for such procedure. The Chancellor properly ordered the funds paid into Court and did not abuse his discretion in assessing the costs including the solicitor's fee, against the whole fund which included the $16.50 disability benefits. Inter-Southern Life Ins. Co. v. McDaniel, 159 Tenn., 478, 19 S. W. (2d), 269.

We are therefore of the opinion that there is no error in the decree of the Chancellor and all assignments of error are overruled and it is affirmed.

The costs of the lower Court will be paid as decreed by the Chancellor and the costs of the appeal will be paid by appellants and the surety upon the appeal bond. The cause will be remanded to the Chancery Court of Davidson County for the distribution of the fund in that Court.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.