## HOLMES v. INTERSTATE LIFE & ACCIDENT INS. CO. et al.—197 S. W. (2d) 551.

Middle Section.   June 29, 1946.

Petition for Certiorari denied by Supreme Court, October 5, 1946.

Z. Alexander Looby, of Nashville, for appellant.

Elkin Garfinkle, of Nashville, for appellee.

HOWELL, J. On February 18, 1924, the Interstate Life and Accident Insurance Company issued a policy of insurance on the life of Floyd Martin in the sum of $309, payable to his estate, and on January 14, 1935, the beneficiary was changed to Cassie Martin and on March 30, 1936, the beneficiary was again changed to Alma H. Martin, wife. The change of Beneficiary Clause in the policy is as follows:

"Change of Beneficiary. With the consent of the Company, the Insured, if twenty-one years of age, may from time to time change the Beneficiary by request to the Home Office upon the Company's prescribed form, accompanied by the Policy, such change to take effect upon endorsement hereon by the Company."

On August 27, 1934, the same Company issued a similar policy upon the life of Floyd Martin in the sum of $97, in which Alma H. Martin, wife, was named as beneficiary. The same change of Beneficiary Clause is in this policy.

Floyd Martin died on August 6, 1943, as a result of gun shot wounds inflicted by his wife, Alma H. Martin.

On June 28, 1943, the regular form of Request for Change of Beneficiary was executed by the insured and delivered to the agent of the Company asking that the beneficiary in both policies be changed to Andrew Holmes and as the insured did not have the two policies (presumably they were in possession of Alma H. Martin) on July 5, 1943, the insured signed and delivered to the agent of the company an application for duplicate policies. Both these applications were handed to the District Manager of the Nashville District of the defendant company. Before the duplicate policies were issued and the change of beneficiary noted thereon the insured Floyd Martin died. Both Andrew Holmes and Alma H. Martin claimed to be entitled to the proceeds of the policies.

The bill herein was filed by Andrew Holmes against the Insurance Company and Alma Martin in which he sought a judgment for the amounts due under the policies. The Insurance Company by permission of the Court paid the sum of $400 into the office of the Clerk and Master.

The defendant Alma Martin filed an answer claiming to be the beneficiary under these policies and denied that the insured had made any change in the beneficiary clauses according to the terms of the policies. She averred that she was also entitled to the proceeds of the policies by reason of the facility of payment clause as she had paid the burial expenses of the insured.

By written agreement signed by all counsel the case was heard by the Chancellor on oral testimony.

The Chancellor did not file any opinion nor were any facts found as is required by Code Section 10620.

See National Life & Accident Insurance Co. v. Bryant, 27 Tenn. App. 294, 297, 179 S. W. (2d) 937, 938.

A decree was entered in which the Chancellor found the issues in favor of the complainant and ordered the fund paid to him less an attorney's fee to the Solicitor for the defendant Insurance Company.

The defendant Alma Martin has perfected an appeal to this Court and has assigned the action of the Chancellor as error, principally upon the ground that there was no effective change of Beneficiary Clauses in the two policies.

The subject of the change of beneficiaries in policies of the kind involved here has been much discussed by the Courts.

In the National Life case against Bryant, supra, this Court said:

"The subject is fully discussed in the case of Cronbach v. Aetna Life Insurance Co. in 153 Tenn. 362, ·284 S. W. 72, 73, and the Court said:

" 'The rules of law applicable to such cases and approved generally by the courts of this country are succinctly and accurately set forth in 37 Corpus Juris, Sec. 350, p. 584, as follows:

" ' ' "Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the indorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed in the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit and protection, a waiver by it after the death of insured is ineffectual as against the original beneficiary. On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary had been accomplished where he had done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all

that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy.'' '

''The maxim invoked by appellants cannot be relied upon against the complainant and the beneficiary to create a right contrary to the terms of the policy and in disregard of the rights of the named beneficiary. It is unfortunate for Georgia Chadwell that the insured did not enter upon her undertaking to change the beneficiary earlier. The fact that the insured died on the afternoon of the day that the Superintendent Rhodes was asked to visit her and secure a request for change of beneficiary and before he saw her and before the change could reasonably have been consented to by an official of the Company is equally unfortunate. Mere intention to make the change will not suffice. See also Holmes v. Gooch & Metropolitan Life Insurance Company, 3 Tenn. App. 80; Davis v. Davis, 136 Tenn. 520, 190 S. W. 459.''

In the case before us the facts are different. Floyd Martin had done everything he could have done to bring about a change of the beneficiary clauses in the policies. He had executed the form of request furnished by the company and delivered it to the District Manager and not having possession of the policies he had filed with the District Manager, a request for duplicate policies and all that remained to be done were the formal and ministerial acts on the part of the Insurance Company.

In the case of Page v. Detroit Life Insurance Co. in 11 Tenn. App. 417, on page 424, Faw, Presiding Judge, said as follows:

"But where a right to change the beneficiary has been reserved to the insured by the terms of the insurance contract, the beneficiary named in the policy has a mere expectance, depending upon the will and act of the insured, and has no vested right or interest during the lifetime of the insured. Life Association v. Winn, supra [96 Tenn. 224, 33 S. W. 1045]; Sofge v. Supreme Lodge, etc., 98 Tenn. 446, 452, 39 S. W. 853; Simms v. Randall, 117 Tenn. 543, 547, 96 S. W. 971; Davis v. Davis, 136 Tenn. 520, 526, 190 S. W. 459; 37 C. J., p. 579, sec. 345; 2 Joyce on Insurance (2 Ed.), sec. 740."

Again after citing the Cronbach case referred to in the National Life & Accident Insurance Co. v. Bryant, above, Judge Faw on page 429 of 11 Tenn. App. said:

"In the instant case, it seems obvious that the insured did everything that he could, under the circumstances, to effect the change of beneficiary which he desired, when he wrote and mailed to the Company the letter of June 1, 1927."

We are of the opinion that this is a case in which the maxim "equity regards as done that which ought to be done" should be applied and that there is no error in the decree of the Chancellor.

All assignments of error are overruled and the decree of the Chancery Court is affirmed.

The cause will be remanded for the execution of the decree.

The appellant and the surety on the appeal bond will pay the costs.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.