# LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE v. HARRY C. CORNISH et al. —315 S. W. (2d) 6.

Middle Section. March 28, 1958.

Certiorari denied by Supreme Court July 11, 1958.

Trabue, Sturdivant & Harbison, Nashville, for complainant.

Barksdale, Hudgins & Osborn, Nashville, for Harry C. Cornish.

Charles F. Galbreath, Nashville, for Billy Jean Cornish.

FELTS, J.   This was a bill of interpleader stating complainant was liable on three policies, one for $1,000, another for $1,600, and the third (which had lapsed) for $42.04 paid up insurance, on the life of Wayne T. Cornish, now deceased, which sums were claimed both by his father, Harry C. Cornish, and his widow, Billy Jean Cornish.

Complainant paid the fund into court, and each claimant set up his claim thereto, by answer and cross-bill. The father claimed the money as the substitute beneficiary under the change of beneficiary provisions of the policies.   The widow claimed the funds were due to

the estate of the insured and belonged to her as his widow and sole distributee. The Chancellor decreed in favor of the father, and the widow appealed.

There is no dispute as to the facts. Each of the policies was issued on the life of Wayne T. Cornish, a minor, and named his mother, Mrs. Gladys Cornish, as beneficiary, and provided that the benefit for loss of his life was "payable to the beneficiary, if living, otherwise to the estate of the insured". The lapsed policy was not put into the record, but photographic copies of the other two were exhibited and are sent up in the transcript.

The insured, Wayne T. Cornish, and Billy Jean Cornish were married January 12, 1955, in the state of Georgia. She was then 13 and he was 17 years of age. They lived together for a few days, consummated the marriage, separated, and her mother filed a suit to annul the marriage, but the suit was withdrawn after his death. Mrs. Gladys Cornish died May 10, 1955, and Wayne T. Cornish, as a result of an automobile accident, died intestate July 23, 1955.

It appears that, shortly after the death of his mother, Wayne T. Cornish and his father agreed that they would have the two policies in force changed so as to make the father the beneficiary; and they asked C. C. Denton, the insurer's agent, to have this change made. He was the agent who had written the policies and had been collecting the premiums, which had been paid by the father. This agent agreed to effect this change, and supplied two printed form applications for a change of beneficiary, which were signed in blank by Wayne T. Cornish and were filled in by the agent, but the agent made a mistake in the number of one of the policies.

The father delivered the two policies in force to the agent, who agreed to take them, with the signed applications for change of beneficiary, to the home office of the insurer, and ask it to endorse the change of beneficiary on the policies. But the agent placed the policies and the applications in a desk drawer in his office at his home, and inadvertently failed to take them to the insurer's home office for the endorsement of the change of beneficiary on them.

The provisions of the policies respecting the change of beneficiary are different in the two policies. In the policy (No. 16355508) for $1,000, the change of beneficiary provisions are as follows:

"16. Change of Beneficiary — The beneficiary or beneficiaries named herein may, at the request in writing of the insured (or of the beneficiary named herein if the insured is not of legal age), be changed at any time to any person or persons having an insurable interest in the life of said insured, provided this policy is returned to the Company at its Home Office, and the endorsement of the change made upon the policy."

In the policy (no. 16788272) for $1,600 the pertinent provisions in respect of a change of beneficiary are as follows:

"Control of the Policy—If the insured has not attained the age of twenty-one, then during such minority the right to change the beneficiary and to exercise all other rights of ownership of the policy shall be vested (1) in the beneficiary named herein from time to time, or, (2) in the parents or surviving parent of

the insured, in the event the beneficiary dies before the death of the insured. * * *

"Change of Beneficiary—The insured may at any time change the beneficiary or beneficiaries. Such change shall be effective only when endorsed on this Policy by the Company, but when the Policy has been so endorsed the designation or change shall be effective as of the date of the execution of the application for such change. The Company may refuse to endorse the name of any proposed beneficiary who does not appear to the Company to have an insurable interest in the life of the insured."

Thus it is seen that neither of these provisions for change of beneficiary was complied with, since neither policy was returned to the home office of the insurer and the change endorsed thereon. Upon this ground appellant widow contends that no change of beneficiary was effected; that since Mrs. Gladys Cornish, the named beneficiary in both policies, was not living at the time of the death of the insured, the proceeds were payable to his estate and go to her as his widow and sole distributee. T. C. A. sec. 56-1108; Cf. Page v. Detroit Life Ins. Co., 11 Tenn. App. 417, 427.

The father contends, and the Chancellor held, that the change of beneficiary in both policies was effective, because he had kept the premiums paid, was "the surviving parent of the insured", and both he and the insured had done all they could do to bring about the change of beneficiary; and that a court of equity, upon the maxim, "Equity regards that as done which ought to be done", will treat the attempted change as completed and give full effect to it.

■■ The provisions as to change of beneficiary are part of the terms of the contract; and in order to effect a change of beneficiary, the mode prescribed in the policy must be followed, some cases requiring a strict compliance and others holding that a substantial compliance is sufficient. Cronbach v. Aetna Life Ins. Co., 153 Tenn. 362, 284 S. W. 72; Page v. Detroit Life Ins. Co., supra; National Life & Accident Ins. Co. v. Bryant, 27 Tenn. App. 294, 179 S. W. (2d) 937; Holmes v. Interstate Life & Accident Ins. Co., 29 Tenn. App. 482, 197 S. W. (2d) 551.

A mere unexecuted intention to change the beneficiary is not enough. Nor can the maxim, "Equity regards that as done which ought to be done", be invoked to create a right contrary to the terms of the contract. But where the insured has the power to change the beneficiary at will, and has done substantially all that is required of him to effect such change, and all that remains to be done are mere ministerial acts to be done at the home office of the insurer, equity will treat the change as effective. Authorities supra; Barnes v. Prudential Ins. Co., 28 Tenn. App. 109, 117, 186 S. W. (2d) 918.

■ As to these two policies, we think the father's contention must be sustained. He had paid the premiums and kept the policies in force, was the parent, had the right of control of the policies, and was in equity the owner of them (Allen v. Cunningham, 143 Tenn. 11, 223 S. W. 450). There was a right to change the beneficiary in both policies and both the father and the insured did all they could to effect such change. The insurer's agent undertook to have the insurer complete the change. So we think equity will treat the change as having been completed.

What has been said above, however, does not apply to the third policy, which had elapsed for non-payment of premiums and on which there was paid up insurance in the sum of $42.04. Since there was no effort to change the beneficiary in this policy and since the named beneficiary had died, the proceeds were payable to insured's estate and go to appellant as his widow and sole distributee.

The decree of the Chancellor will be modified so as to decree $42.04 to her from this fund, and, as modified, will be affirmed. The costs of the appeal are adjudged against appellee, Harry C. Cornish, and the surety on his cost bond. The cause will be remanded to the Chancery Court for disbursement of the fund.

Carney and Shriver, JJ., concur.