512 F.2d 507
 Claudia E. MAGRUDER, Plaintiff-Cross-Defendant-Appellant,
v.
NORTHWESTERN MUTUAL LIFE INSURANCE CO., Defendant-Cross-Plaintiff,
and
Linda C. Magruder et al., Cross-Defendants-Appellees.
 No. 74-1647.
 United States Court of Appeals,
Sixth Circuit.
 March 5, 1975.
 
 John E. Hundley, Memphis, Tenn., for appellant.
 Edward G. Thompson, Memphis, Tenn., for appellees.
 Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and DeMASCIO, District Judge.*
 PHILLIPS, Chief Judge.
 
 
 1
 This is an interpleader action brought to determine the right to the proceeds of a life insurance policy. District Judge Harry W. Wellford held that the insured had failed to do all that he reasonably could have done to comply with the procedure necessary to change the beneficiaries named in the policy. We affirm.
 
 
 2
 The action originally was filed in the Chancery Court of Shelby County, Tennessee, and was removed to the District Court. Northwestern Mutual Life Insurance Company, the insurer, filed an answer and cross-complaint for interpleader. Jurisdiction is based upon diversity of citizenship, and the interpleader statute, 28 U.S.C. § 1335. Tennessee law controls.
 
 
 3
 The policy has a cash value of $11,571.94 and was issued to the insured, Milton V. Magruder, on August 15, 1953. The insured had been in the insurance business in Memphis for many years before his death. The original beneficiary was Mr. Magruder's first wife, Mrs. Jeanne E. Magruder. After a divorce had terminated his first marriage, the insured executed a change of beneficiary form designating his three children, or their trustee for so long as they were minors, as the beneficiaries. This form was mailed to the home office of the insurance company and recorded. Endorsement was formally waived by the registrar of the company. These children and their trustee maintain that subsequent events did not change their statutes as beneficiaries.
 
 
 4
 On August 21, 1971, Mr. Magruder sent a handwritten note to the insurance company's home office in Milwaukee, Wisconsin, stating, "I have remarried and want to change my beneficiary to read Claudia E. Magruder. Please send a form if necessary."
 
 
 5
 The insurance company mailed a change of beneficiary form in October 1971 along with a form response stating: "(t)he form should be completed as required, signed as indicated and returned to us." Mr. Magruder performed the first two of these instructions. In October 1971 he entered the name of Mrs. Claudia E. Magruder on the form as the new beneficiary. The signatures then were attested by the appropriate witnesses, including one witness who was the trustee for the existing beneficiaries, the three children.
 
 
 6
 After the insured had executed the form, he and Mrs. Claudia E. Magruder experienced marital difficulties. A separation occurred and she went to live with her daughter by a former marriage. On May 2, 1972, Mrs. Magruder filed a complaint for a divorce, which was pending at the time of the death of the insured. Judge Wellford found that: "Despite Mr. Magruder's problems with drinking, it is apparent that he was competent to manage his affairs while not drinking." This finding of mental competency is supported by the record and is not challenged on appeal.
 
 
 7
 Even though the change of beneficiary form had been executed, it was not mailed to the insurance company during Mr. Magruder's lifetime. After his death the form was found with his papers and was mailed to the insurance company by Mrs. Claudia E. Magruder's attorney. The executed form had remained in Mr. Magruder's possession for ten months.
 
 
 8
 Mrs. Claudia E. Magruder's claim to the insurance proceeds must be founded either on actual or substantial compliance with the policy provisions governing the change of beneficiaries. We agree with the District Court that allegations of actual compliance were without merit. Under the original policy the insured had the right to change the beneficiary, but an endorsement provision was as follows:
 
 
 9
 No designation, revocation, change or direction shall be effective unless duly made in writing and until filed at the Home Office accompanied by this Policy for endorsement prior to or at the time this Policy becomes payable by reason of the death of the Insured. (Emphasis added.)
 
 
 10
 The change of beneficiary form which named the children contained an amendment to this provision which allowed the company to waive endorsement. The amendment further provided that "A request for ... change of beneficiary must be filed at the Home Office and shall then be effective as of the day the request was signed." We further agree with the District Court that the language of this amendment only modified the date on which the change would have become effective, once it was received. Receipt of the change and either endorsement or waiver of endorsement by the insurance company still was required. See Life & Casualty Ins. Co. v. Cornish, 44 Tenn.App. 476, 480, 315 S.W.2d 6 (1958). Therefore, by the terms of the policy the change had to be filed with the company "prior to or at the time this Policy becomes payable by reason of the death of the Insured."
 
 
 11
 Under the law of Tennessee, the absence of actual compliance with the terms of the policy provisions is not always fatal to effecting a change of beneficiary. After a comprehensive analysis of Tennessee law on this point in Republic Nat'l Life Ins. Co. v. Sackmann, 324 F.2d 756, 758 (6th Cir. 1963), we stated that:
 
 
 12
 Under the authorities in Tennessee, the beneficiary in an insurance policy may be effectively changed if the insured substantially complies with the provisions of the policy for such a change of beneficiary. The test of substantial compliance is whether the insured has done everything that he could do to make the change.
 
 
 13
 The equitable basis for this rule is explained in Cronbach v. Aetna Life Ins. Co., 153 Tenn. 362, 367, 284 S.W. 72, 73 (1925), which approves and adopts the following statement:'
 
 
 14
 On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reasons of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy. (Citation omitted.)
 
 
 15
 See 5 Couch on Insurance 2d, § 28.66 at 157. As a corollary to the requirement that the insured perform "all that he reasonably could to meet the conditions of the policy," 5 Couch on Insurance 2d, § 28.74 at 178 says:
 
 
 16
 The mere expression of the intention of the insured to change the beneficiary without any positive steps to accomplish such change is not sufficient, and few cases in which an opposite result had been reached are clearly out of line with the general trend of authority.
 
 
 17
 Even if the insured goes one step further and not only expresses his intention to effect a change of beneficiary but in addition thereto takes the necessary steps the make a formal request to the insurer but dies before the application for a change of beneficiary actually leaves his or his agent's hands, most of the courts take the position that the insured has not done everything required of him and that therefore a change of beneficiary has not been effected, .... (Footnote omitted.)
 
 
 18
 The failure of the insured to send the form to the company has not reasonable explanation which would invoke the equitable powers of the court. There is no question that he had ample opportunity to return the forms, or that he had the requisite physical and mental capacity to do so. He did not set the procedures in motion by placing the form changing the beneficiary in the hands of a representative of the insurance company. There is also other evidence which supports the position that the failure to mail the forms was intentional. For example, the marital difficulties began to develop after the forms were signed and might have led to a decision not to mail them.
 
 
 19
 Since the change of beneficiary form was not submitted in actual or substantial compliance with the terms of the insurance policy, Judge Wellford was correct in holding that the change is ineffective. The decision of the District Court is affirmed.
 
 
 20
 No costs are taxed. Each party will pay his own costs on this appeal.
 
 
 
 *
 Honorable Robert E. DeMascio, Judge, United States District Court for the Eastern District of Michigan, sitting by designation