**410**

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Catherine V. HENRY,
Defendant-Appellant,

and

John D. Henry and Carroll Y. Henry,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 25, 1982.

Permission to Appeal Denied by
Supreme Court Sept. 7, 1982.

Harry Berke of Berke, Berke & Berke and Robert L. Moon, Jr., Chattanooga, for defendant-appellant.

Thomas A. Harris and David F. Hensley of Milligan, Hooper & Harris, Chattanooga, for defendants-appellees.

OPINION

FRANKS, Judge.

In this interpleader action, the chancellor resolved the dispute between decedent's former wife and his parents by holding the parents had been properly designated as decedent's beneficiaries under the group life insurance policy. The former wife, Catherine V. Henry, has appealed.

Before considering the merits of the appeal, we consider a motion to dismiss filed by appellee on the grounds appellant has perfected her appeal by filing a pauper's oath and is a resident of Georgia. T.R.A.P., Rule 18(b), requires a party who desires to proceed as a poor person on appeal to obtain approval to so proceed in the trial court. This, apparently, was not done in this case and the pauper's oath was merely filed with the clerk of the trial court without objection. Only after briefs were filed in this court was an objection raised before us. T.R.A.P., Rule 18, requires an applicant to establish a basis to proceed as a poor person before the trial judge and, if the application is denied, the judge must set forth reasons for denial in writing. When that procedure is followed, this court can review the record. Since appellees did not timely object to the filing of the pauper's oath in the trial court, we hold the motion was not seasonably filed and it is overruled.

The material facts are not in dispute. Decedent, as an employee of Niles Surveying Company, participated in a profit sharing plan which included a group life insurance policy covering the employees and an investment fund. At the time decedent applied for group life coverage he was married to Catherine and the beneficiary designated was Catherine V. Henry (wife) if living, otherwise living, lawful children equally. The owners of the group policy issued by Massachusetts Mutual Life Insurance Company were the trustees under the Niles Surveying Company, Incorporated profit sharing plan and Mr. and Mrs. Carlos E. Niles were the designated trustees. After decedent and Catherine experienced domestic problems and at the request of decedent, Carlos Niles signed a request to change the beneficiary, which was forwarded to Massachusetts Mutual's local agent. The insurance company determined that the wrong form had been signed and Niles subsequently signed a second form provided by the insurance company which was likewise forwarded to the agent. The executed change of beneficiary form was received by Massachusetts Mutual on February 26, 1981, and recorded and made a part of the group policy on the same date. Decedent and Catherine were divorced in January, 1981. The beneficiaries designated at the time of change were: "the insured's parents, John Dunlap Henry and Carroll Y. Henry, in equal shares to such of them as may be living, otherwise to the estate of the insured." On March 19, 1981, decedent died from heart failure.

The chancellor, upon stipulation of fact and testimony, concluded on the issue as to change in beneficiary: "the change having been received, accepted, recorded and incorporated into the policy by Massachusetts Mutual prior to the death of John A. Henry, all policy requirements for effecting such a change were satisfied", and ordered the proceeds paid to decedent's parents.

The deceased also undertook to change the designated beneficiary under the profit sharing plan but had not signed a change in beneficiary prior to his death. Subsequent to his death the investments funds were paid to his former wife, Catherine.

On appeal, Catherine insists the life insurance policy must be construed together with the provisions of the Niles Survey Company profit sharing plan; that the proof must establish the insured either signed himself a designated change of beneficiary or had done all that he could reasonably have done to change the beneficiary before the courts will recognize a change in the beneficiary and she also insists the chancellor failed to take into consideration T.C.A., § 56–7–601, subsection 3(F).[1]

The provision of the trust agreement relied upon by Catherine is:

7.2 BENEFICIARY DESIGNATION. Each Participant shall have the right, at any time, to select the Beneficiary or Beneficiaries to receive the proceeds

---

1. *T.C.A., § 56–7–601. Group life—Required provisions* —

. . . . .

(3)(F) [A]ny sum becoming due by reason of the death of the person insured shall be payable to the beneficiary designated by the person insured . . . .

and avails of any Contract or benefit payable by reason of his death, and shall likewise have such rights as may be available under such Contracts to select the mode of payment of such proceeds and avails to any such Beneficiary or Beneficiaries. The Participant may change each such designation, from time to time, by delivering written notice thereof to the Trustees upon such form or forms as may be provided by the Trustees. Any Beneficiary designation with respect to benefits payable under Contracts shall be effective in accordance with the terms of such Contracts. Any amounts payable from the Investment Fund shall be payable pursuant to the Beneficiary designation on file with the Trustees. If a Participant shall fail to designate a Beneficiary as provided above or if all the Beneficiaries so designated shall predecease the Participant, such proceeds and avails shall be paid to the executor or administrator of his estate.

The quoted section does not establish the procedure for changing the beneficiary of the group life insurance policy because the terms of the trust agreement and policy are mutually exclusive. The trust agreement under the profit sharing plan provides: "Any Beneficiary designation with respect to benefits payable under Contracts shall be effective in accordance with the terms of such Contracts", and the group life insurance policy provides: *"Trusts and Other Agreements.* The Company is not responsible for carrying out the terms of any trust or any agreement outside of this policy. Its only responsiblility is to perform according to the terms of the policy."

Catherine cites *Cronbach v. Aetna Life Ins. Co.,* 153 Tenn. 362, 284 S.W. 72 (1925); *Davis v. Davis,* 136 Tenn. 520, 190 S.W. 459 (1916); *Nat. Life & Acc. Ins. Co. v. Bryant,* 27 Tenn.App. 294, 179 S.W.2d 937 (1943); which hold that in order to change a beneficiary the method provided in the policy must be followed. A good statement as to the law as to life insurance policies on the issue is set out in *Life & Casualty Ins. Co. v. Cornish,* 44 Tenn.App. 476, 481, 315 S.W.2d 6 (1958):

The provisions as to change of beneficiary are part of the terms of the contract; and in order to effect a change of beneficiary, the mode prescribed in the policy must be followed, some cases requiring a strict compliance and others holding that a substantial compliance is sufficient. *Cronbach v. Aetna Life Ins. Co.,* 153 Tenn. 362, 284 S.W. 72; *Page v. Detroit Life Ins. Co., supra,* [11 Tenn. App. 417 (1929) ]; *National Life & Accident Ins. Co. v. Bryant,* 27 Tenn.App. 294, 179 S.W.(2d) 937; *Holmes v. Interstate Life & Accident Ins. Co.,* 29 Tenn.App. 482, 197 S.W.(2d) 551.

This general rule is equally applicable to group life insurance policies. 44 Am.Jur.2d 807, *Insurance,* § 1874.

The policy provides that in order to change the beneficiary the owner of the policy must designate the beneficiary in writing, satisfactory to the company.[2] The owner of the group policy is the trustee who in writing requested change of the beneficiary on behalf of decedent. The insurance company found the writing satis-

---

2. The group life insurance policy general provisions for establishing the procedure for changing a beneficiary under the policy are:

DESIGNATED PAYEE—The designated payee shall be as specified in the application unless and until the Company shall receive at its Home Office during the insured's lifetime *written election by the owner designating a different payee,* which right of election may be successively exercised.

.    .    .    .

CHANGE OF OWNER OR BENEFICIARY— During the lifetime of the insured, the owner or the beneficiary may be changed from time to time. *Any request for change of the owner or the beneficiary must be in writing and satisfactory to the Company.* No change of the owner or the beneficiary will take effect until such request is received at the Home Office. When such request is received, the change will relate back to and take effect as of the date the request was signed, whether or not the insured is living when the request for change is received; however, such change will be subject to any payment made or other action taken by the Company before such request is received. [Emphasis supplied.]

factory to effect the change and executed the change in the policy. We agree with the chancellor that all policy requirements to change the beneficiary were satisfied.

Catherine cites cases from other jurisdictions, particularly emphasizing the Texas case of *Navarro v. Dobbs,* Tex.Civ.App., 456 S.W.2d 265 (1970). We have considered these authorities and they follow the general rule which we have applied in this case. In *Navarro,* in order to change the beneficiary, the policy required a written notice signed by the employee; such policy provision is distinctly different from the group policy under consideration.

■ Finally, the statutory argument, which incidentally was not made before the chancellor, has no application to the facts before us. The chancellor found the deceased intended to change the beneficiary and the change was carried out in accordance with the mode of change required under the terms of the policy. The statutory provision merely insures that proceeds of a group policy will be payable to the beneficiary designated by the person insured, which was accomplished in this case, the method of designation being prescribed by the terms of the policy.

The judgment of the chancellor is affirmed and the cause remanded to the trial court with costs incident to the appeal assessed against the appellant.

PARROTT, P. J., and GODDARD, J., concur.