**SUN LIFE ASSURANCE CO. OF CANADA, Plaintiff/Appellee,**

v.

**Frankie Marie HICKS, Defendant/Appellee,**

v.

**Debbie Ann HICKS, Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 18, 1992.

Application for Permission to Appeal Denied by Supreme Court Nov. 30, 1992.

S.W. FARNSWORTH, III, Memphis, for Sun Life Assur. Co. of Canada.

H. DENTON, Bolivar, for Frankie Marie Hicks.

GEORGE M. GOOGE, Jackson, for Debbie Ann Hicks.

TOMLIN, Presiding Judge, Western Section.

The original complaint in this cause was filed as a bill of interpleader by Sun Life Insurance Company ("Sun Life") in the Chancery Court of Hardeman County. The suit was prompted by the fact that proceeds of a life insurance policy upon the life of decedent Early Hicks ("Insured" or

"Hicks") was claimed by both Insured's mother ("Mother") and his former wife ("Wife"). The court found that Mother was entitled to the proceeds of the policy. On appeal, Wife has raised four issues; three of which relate to alleged errors by the trial court in admitting testimony of certain witnesses into evidence. The fourth issue, which is dispositive of this litigation, is whether the trial court erred in awarding the proceeds of the life insurance to Mother rather than to Wife. This court is of the opinion that the trial court did err and accordingly reverse and award the proceeds to Insured's former wife.

The material facts are not in dispute. At the inception of Insured's employment by Dover Elevator Systems in Middleton, Tennessee, Dover maintained a group life insurance policy for its employees with Connecticut General Life Insurance Company. The group plan was administered by an office employee of Dover. Insured completed an enrollment card provided for that purpose by Connecticut General. The card was designated "new enrollment," dated June 8, 1981 and signed by Insured. It indicated he was being provided life insurance coverage in the amount of $8,000.00, and he had named his mother, Frankie H. Hicks, as his beneficiary. On August 10, 1982 Insured executed a second card provided by Connecticut General, of the same type as before, which at this time was checked as being for the purpose of "beneficiary change," "change of status." This card identified Debbie Ann Hicks as his wife and Latasha Beard as his daughter. Debbie Ann Hicks was named as beneficiary of his life insurance policy. Dover's employee who served as administrator of benefits testified that both cards completed by Insured were approved at the respective times executed and subsequently filed by Connecticut General.

Hicks and Wife were divorced in July, 1985. The final decree of divorce did not make any disposition of the right to any life insurance then carried by Insured. At some point following the change in beneficiary designation by Insured in August, 1982 and prior to August, 1986, Dover changed their group insurance plan from Connecticut General to Sun Life. Sun Life agreed to accept all beneficiary designation cards on file with Dover at the time of the changeover.

In August, 1986 a printed form bearing the date "August 15, 1986" and entitled "Annual 'Dependent and Beneficiary' Survey for Group Health Coverage" was supplied to all employees by Dover. It is uncontradicted that this form was prepared by Dover and in no way originated with Sun Life. The form called for the identification of the employee, his marital status, the date of birth of his spouse, date of marriage, identity of dependent children, the listing of those dependents who would be provided health coverage and the name of the beneficiary for life insurance. In response to the latter question Hicks wrote the name "Frankie Marie Hicks" and identified her relationship as "mother." The form was undated.

Hicks died as a result of injuries sustained in an automobile accident in April, 1988. Following his death both his wife and mother claimed that they are the last properly-designated beneficiary under Dover's group insurance policy. Sun Life produced a booklet containing the terms of the group life insurance policy, copies of which were furnished to all employees at Dover. The booklet contained the following concerning the procedure to change beneficiaries:

### Change in Beneficiary

All nominations of Beneficiaries are revocable unless otherwise stated by you in the form provided by us. No change will bind us unless it is made in written form satisfactory to us and filed with the Plan Administrator. The change will then be effective as of the date it was signed, but it will be subject to any action taken before it was received by us at our Office.

Other Dover employees testified that they were aware that the way to make a change in beneficiary was by completing a card provided for that purpose at their place of employment. The administrator of the

plan testified that the only satisfactory way to change the beneficiary under the group life insurance policy was by the completion and execution of a change of beneficiary card. It is uncontradicted that the insured did not complete and execute such a card after 1982, when he changed the beneficiary under his policy from his mother to his then wife.

In awarding the proceeds of the policy to Insured's mother, the trial court found that the procedure followed by Insured and relied upon by Mother was not the correct or proper procedure that had been followed in the past and that the proper procedure would have been to name his mother as beneficiary on the benefit card. However, the court found that by naming his mother as beneficiary for life insurance purposes on the survey form sent out by Dover in 1986, there was an expression of intent by the insured and that he had done everything reasonably possible to comply with the terms of the policy, thus meeting the legal requirements to establish substantial compliance.

■ There is no presumption that an ex-spouse is removed as a beneficiary from an insurance policy by the mere fact that the parties have been divorced. *See Bowers v. Bowers,* 637 S.W.2d 456 (Tenn.1982). We also note that the final decree of divorce, entered in 1985, in no way addressed Wife's rights under this life insurance policy. By virtue of its court decisions, Tennessee has cast its lot as a "substantial compliance" state as regards the issue of a change in beneficiary of an insurance policy. *See Cronbach v. Aetna Life Ins. Co.,* 153 Tenn. 362, 284 S.W. 72 (1926). The *Cronbach* court, quoting 37 *Corpus Juris* § 350 with approval, stated in pertinent part the law in this regard as follows:

A mere unexecuted intention to change the beneficiary is not sufficient.... On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he

sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy.

*Id.* 284 S.W. at 73.

Appellate court decisions in this state as to this issue are fact specific and therefore have reached different results. *See Massachusetts Mutual Life Ins. Co. v. Henry,* 638 S.W.2d 410 (Tenn.App.1982); *Barnes v. Prudential Ins. Co.,* 28 Tenn.App. 109, 186 S.W.2d 918 (1944); *National Life and Accident Ins. Co. v. Bryant,* 27 Tenn.App. 294, 179 S.W.2d 937 (1943); *Cronbach,* cited *supra.*

■ In the opinion of this court the facts of the case before us do not support a conclusion that Hicks substantially complied with the requirements as set forth by the insurance carrier. In order for a finding of substantial compliance to be upheld, it must be determined from the record that Hicks took all the reasonable steps possible to meet the conditions imposed by the policy. The record reflects that Hicks filled out the proper card in 1981 when he became employed to designate his mother as beneficiary. The record also reflects that in 1982 he completed the same card with the appropriate designations to change the beneficiary from his mother to his wife.

In addition, other Dover employees, including the administrator of the plan, testified that the enrollment card was the proper way to change a beneficiary. There is no proof to the effect nor has it been contended that the survey form distributed

by Hicks' employer was ever contemplated to be used for or take the place of the change in beneficiary card then in use by the company. Another factor, though not controlling, is that over a year elapsed between the date of Hicks' divorce and the date the survey form was circulated among Dover's employees, yet he did not avail himself of the use of the change of beneficiary card. Under these facts, we are of the opinion that the trial court erred in finding that there had been substantial compliance by Hicks.

A brief examination of cases finding substantial compliance lends support to the conclusion that we have reached. In *Life and Casualty Ins. Co. v. Cornish,* 44 Tenn.App. 476, 315 S.W.2d 6 (1958) this court found substantial compliance where the insurance agent inadvertently failed to take a completed and signed change of beneficiary form to the home office for endorsement. In *Holmes v. Interstate Life and Accident Ins. Co.,* 29 Tenn.App. 482, 197 S.W.2d 551 (1946) a request for a change of beneficiary form had been properly executed by the insured but he did not have possession of the policy, as it was being held by his disenchanted wife. The insured sought a duplicate copy from the insurance company, but died prior to receiving it. The *Holmes* court found substantial compliance, noting that all that remained to be done were ministerial acts on the part of the insurance company. *Id.* 197 S.W.2d at 553. In *Barnes v. Prudential Ins. Co.,* 28 Tenn.App. 109, 186 S.W.2d 918 (1944) the court also found substantial compliance when the insured properly completed a beneficiary change form furnished by the insurer but failed to attach a certificate or rider to it. In all of the aforementioned cases, the insured had executed a change of beneficiary form whereas in the instant case Insured had not done so in regard to changing his beneficiary back to Mother.

For the foregoing reasons, the judgment of the trial court is reversed. We hold Wife is entitled to the proceeds of Insured's insurance policies under the group insurance plan of Dover, along with accumulated interest, if any. Costs in this cause on appeal are taxed to Mother, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.