THE TRAVELERS INSURANCE COMPANY,  )
                                   )
        Plaintiff/Interpleader,    )    Appeal No.
                                   )    01-A-01-9508-CH-00379
v.                                 )
                                   )    Davidson Chancery
MAUDINE Y. LANCASTER WEBB,         )    No. 94-2051-III
                                   )
        Defendant/Appellee,        )
                                   )
and                                )
                                   )
VICKY AUSTIN LANCASTER,            )
                                   )
        Defendant/Appellant.       )

FILED

Jan. 24, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

W. WARNER McNEILLY, III
Watkins, McGugin, McNeilly & Rowan
214 Second Avenue, North, Suite 300
Nashville, Tennessee  37201
        ATTORNEY FOR DEFENDANT/APPELLEE
          MAUDINE Y. LANCASTER WEBB



DAVID W. PIPER
1808 West End Avenue, Suite 1000
Nashville, Tennessee  37203
        ATTORNEY FOR DEFENDANT/APPELLANT
          VICKY AUSTIN LANCASTER

AFFIRMED AND REMANDED

# O P I N I O N

The Travelers Insurance Company ("Travelers") filed an interpleader in the Chancery Court for Davidson County. It alleged that both defendant/appellee, Maudine Y. Lancaster Webb ("Ms. Webb"), and defendant/appellant, Vicky Austin Lancaster ("Mrs. Lancaster"), claimed the proceeds of an insurance policy which covered the life of decedent, Charles S. Lancaster.

Mrs. Lancaster presented two issues on appeal. The first was whether "summary judgment in favor of ex-wife was precluded by [a] genuine issue of material fact regarding [the] intention of decedent." The second issue was whether "the owner of the life insurance policy at issue substantially complied with the policy requirements concerning a change of benefits such that [the] equity maxim would apply and [whether the] court of equity should award the proceeds from the policy of insurance to the owner's widow rather than to one of the decedent's ex-wives." We discuss these issues together.

The facts out of which this controversy arose are as follows.

In 1982, Mr. Lancaster married Ms. Webb. They divorced in January 1987. Mr. Lancaster and Mrs. Lancaster married in 1991. Mr. Lancaster died on 25 December 1992 leaving Mrs. Lancaster as his surviving spouse.

In 1985, Mr. Lancaster obtained life insurance with Travelers through his employer, BellSouth. The group policy number was G-104410. Mr. Lancaster had two policies with certificate numbers 0159791 and 0159792. Certificate number 0159791 covered

the life of Mr. Lancaster and listed Ms. Webb as the beneficiary, and certificate number 0159792 covered Ms. Webb's life. After the divorce, in 1987, Mr. Lancaster sent a letter through BellSouth cancelling certificate number 0159792. In addition to the group policy, Mr. Lancaster had a separate individual life insurance policy through Travelers numbered 2644142. This policy had also listed Ms. Webb as the beneficiary, but in 1992, Mr. Lancaster changed the beneficiary designation to Mrs. Lancaster.

As far as this record shows, Travelers did not receive a change of beneficiary form for certificate number 0159791. Mrs. Lancaster admitted that, at the time of Mr. Lancaster's death, the beneficiary of certificate number 0159791 was Ms. Webb and that Mr. Lancaster did not send any correspondence to Travelers changing the beneficiary of that policy.

The trial court properly determined that there were no genuine issues of material fact and that the law entitled Ms. Webb to a judgment. Recently, the Tennessee Supreme Court has reaffirmed the important role of Rule 56 of the Tennessee Rules of Civil Procedure. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). As stated by the court, this rule provides "a quick, inexpensive means of concluding cases ... upon issue as to which there is no genuine dispute regarding material facts." *Id.* at 210. The *Byrd* court stated that summary judgment is not a "disfavored procedural shortcut but rather an important vehicle for concluding cases that can and should be resolved on legal issues alone." *Id.* "If, after a sufficient time for discovery has elapsed, the nonmoving party is unable to demonstrate that he or she can [produce sufficient evidence to withstand a motion for a directed verdict], summary judgment is appropriate." *Id.* at 213 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

3

In the instant case, Mrs. Lancaster admitted the following undisputed facts: (1) Travelers' policy number G-104410 is a group life insurance policy insuring eligible employees of BellSouth Corporation; (2) Travelers' policy number G-104410 covered Mr. Lancaster; (3) the beneficiary designation of Travelers' policy number G-104410 is contained in the record and is a copy of a genuine document; (4) at the time of Mr. Lancaster's death, the beneficiary of certificate number 0159791 was Ms. Webb; and (5) there were no correspondence from Mr. Lancaster to Travelers changing the beneficiary of certificate number 0159791 to Mrs. Lancaster.

The chancellor correctly applied Tennessee law to the foregoing facts. He held that the person entitled to a policy's benefits is the person designated as the beneficiary in the insurance contract. In this case, that person was Ms. Webb. There were no disputed facts to preclude summary judgment. On the motion to alter or amend the judgment, the chancellor correctly stated as follows:

> An insurance contract -- insurance policy is a contract between the policy owner and the insurance company, and the policy owner can designate the beneficiary he or she desires. This man [Mr. Lancaster] designated the beneficiary. He never changed it, and there is no evidence that he ever took any steps to change it. Those facts are not in dispute, so I conclude I reached the correct result.

Mrs. Lancaster argued that Mr. Lancaster's intent was a material fact that precluded summary judgment. This case involved an insurance contract, which on its face, designated Ms. Webb as the beneficiary. The policy contained no ambiguities and was enforceable as written because a party's intent is irrelevant when the language of the policy is clear and unambiguous. *See Interstate Life & Accident Ins. Co. v. Gammons*, 408 S.W.2d 397, 399

4

(Tenn. App. 1966). The law of this state is that courts are to construe insurance contracts from their four corners. *Id.* "Where the insurance contract is not ambiguous it is the [court's] duty to apply to the words used their ordinary meaning and neither party is to be favored in their construction." *Wallace v. State Farm Mutual Auto. Ins. Co.*, 216 S.W.2d 697, 701 (Tenn. 1949).

Mrs. Lancaster also argued that Mr. Lancaster's expression in his will that he wanted Mrs. Lancaster to receive the insurance proceeds amended the insurance contract. This argument is without foundation because the language in a will does not operate to deprive the named beneficiary of her rights to the policy proceeds. *Cook v. Cook*, 521 S.W.2d 808, 813 (Tenn. 1975). When there is no attempt to change the beneficiary according to the procedures set forth in the policy, the law of this state provides that a constructive trust does not arise, requiring distribution according to the terms of the will, even though the testator clearly indicated in his will that he wanted the insurance proceeds to benefit an individual other than the named beneficiary. *Stoker v. Compton,* 643 S.W.2d 895, 898 (Tenn. App. 1981). Thus, Mr. Lancaster's will did not affect his life insurance contract.

Another argument propounded by Mrs. Lancaster was that Mr. Lancaster and Ms. Webb's divorce destroyed Ms. Webb's rights as the named beneficiary. This argument is also without foundation. The courts of this state have consistently held that "[t]here is no presumption that an ex-spouse is removed as a beneficiary from an insurance policy by the mere fact that the parties have been divorced." *Sun Life Assurance Co. v. Hicks*, 844 S.W.2d 652, 654 (Tenn. App. 1992). The Tennessee Supreme Court held that neither a divorce nor a property settlement agreement has any impact upon the beneficiary designation of an insurance policy. *Bowers v.*

5

*Bowers*, 637 S.W.2d 456, 459 (Tenn. 1982). Being a beneficiary of an insurance policy is not a "right or claim arising out of the marital relationship and thus [is] not 'relinquished' or 'waived' by the property settlement agreement and therefore the proceeds of the policy pass[] [to the designated beneficiary] by insurance contract law." *Id.* at 457. Thus, neither the divorce nor the property settlement agreement deprived Ms. Webb of her rights as the named beneficiary of the policy.

Mrs. Lancaster also argued that there was a factual dispute regarding whether Mr. Lancaster substantially complied with the policy requirements for changing the beneficiary. Here, there is no dispute by Mrs. Lancaster's own admission. She admitted that the beneficiary was "Maudine Lancaster Webb" and that there were no correspondence to Travelers from Mr. Lancaster attempting to change the beneficiary of certificate number 0159791. Nevertheless, Ms. Lancaster claimed that Mr. Lancaster's change of the beneficiary of policy number 2644142 and his oral statements to Mrs. Lancaster and his family were sufficient to invoke the doctrine of substantial compliance. These claims are without merit and demonstrate a misunderstanding of the doctrine of substantial compliance.

Substantial compliance means substantially complying with the requirements of the policy for changing the beneficiary. In order to change a beneficiary, the method provided in the policy must be followed and "[a] mere unexecuted intention to change the beneficiary is not sufficient." *Sun Life Assurance Co.,* 844 S.W.2d at 654 (quoting *Cronbach v. Aetna Life Ins. Co.,* 153 Tenn. 362, 284 S.W. 72 (1926)). In *Sun Life,* the court held that in order to uphold a finding of substantial compliance the court must determine from the record that the insured "took all the reasonable steps possible to meet the conditions imposed by the policy." *Sun Life*

6

*Assurance Co.,* 844 S.W.2d at 654. The court also stated as follows:

> [T]he change of beneficiary has been accomplished where [the insured] has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it had been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of the insured. Of course the rule is not applicable where the insured has not done all that he reasonably could to meet the conditions of the policy.

*Id.* at 654 (quoting *Cronbach v. Aetna Life Ins. Co.,* 153 Tenn. 362, 284 S.W. 72 (1926)). In this case, Mr. Lancaster made no attempt to comply with Travelers' requirements for changing the beneficiary of certificate number 0159791. Therefore, Mrs. Lancaster's argument is without merit.

The judgment of the trial court is in all things affirmed, and the cause is remanded to the trial court for the enforcement of its judgment and any further necessary proceedings. Costs on appeal are taxed to defendant/appellant, Vicky Austin Lancaster.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE