IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2005 Session

## TINA M. LUNSFORD v. ROBERT W. LUNSFORD

**Appeal from the Circuit Court for Davidson County**
**No. 02D-163    Muriel Robinson, Judge**

**No. M2004-00662-COA-R3-CV - Filed October 12, 2005**

This case arose from the divorce of Tina M. Lunsford and Robert W. Lunsford, his untimely death, and a dispute between the estate of Robert W. Lunsford and Tina M. Lunsford as to the right to a pre-retirement death benefit provided by the Young Men's Christian Association Retirement Fund in which Mr. Lunsford participated.  Even though Tina M. Lunsford was the designated beneficiary of the death benefit at the time of Mr. Lunsford died, the trial court determined the intent of the parties evidenced by their marital dissolution agreement was to divest Tina Lunsford of any interest in his retirement plan.  The trial court, by qualified domestic relations order, directed the death benefit be paid to the contingent beneficiaries and Tina M. Lunsford appealed.  Because of the specific language of the marital dissolution agreement, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

DONALD P. HARRIS, SR. J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ, joined.

Charlotte Lee Rhodes, Nashville, Tennessee, for the appellant, Tina M. Lunsford.

Connie Reguli, Brentwood, Tennessee, for the appellee, Robert W. Lunsford.

### OPINION

Tina M. Lunsford and Robert W. Lunsford were married on October 17, 1998.  A divorce was granted between these parties on April 16, 2002.  Mr. Lunsford died on July 29, 2003.  At the time of his death, he was an employee of the Young Men's Christian Association (YMCA).  As a YMCA employee, he was a participant in the YMCA Retirement Fund, a pension plan formulated in compliance with the provisions of the Employment Retirement Income Security Act (ERISA).  In an application to participate in the YMCA Retirement Fund, dated October 12, 1998, Mr.

Lunsford designated Tina Lunsford as the primary beneficiary of the pre-retirement death benefit provided by the fund, and she remained the designated primary beneficiary at his death. Named as contingent beneficiaries on the application were his three minor children born of a prior marriage.

Following the death of Mr. Lunsford, the mother of his three minor children, Wendy Lunsford, was appointed as executrix of Mr. Lunsford's estate by the Probate Court for Davidson County, Tennessee. As personal representative of Mr. Lunsford's estate, Ms. Wendy Lunsford filed a petition in his divorce proceeding with Tina Lunsford seeking to enforce the marital dissolution agreement between Mr. Lunsford and Tina Lunsford and to divest her of any interest in the YMCA Retirement Fund pre-retirement death benefit. The petition was based upon the following language contained in the Marital Dissolution Agreement executed by Robert Lunsford and Tina Lunsford on January 22, 2002 and incorporated into the final decree of divorce:

> Each spouse hereby further waives and releases except as otherwise provided herein, any right, title and interest which he or she may have now, or in the future, to any retirement payment or annuity by virtue of his or her being the spouse of the other party, and by virtue of such other party's employment, or by virtue of any other retirement program, plan or pension system which may have included the other party in the past, or which may include such other party now, or which may include the other party in the future. To this end both parties declare that it is each's (sic) intent that this provision have the same force and effect as if he or she had signed any waiver forms releasing his or her aforementioned interest, but each further agrees to execute whatever documents may be required in this regard in the future, as necessary, to accomplish the purposes heretofore stated.

The trial court granted the petition by divesting Tina Lunsford of all right, title and interest in the pre-retirement death benefit provided by the YMCA Retirement Fund and entered a Qualified Domestic Relations Order directing the proceeds be paid to the contingent beneficiaries, the three minor children, Wesley Lunsford, Zak Lunsford and Rob Lunsford. In making this determination, the trial court found it was the intent of the parties, as set forth in the Marital Dissolution Agreement, that they each be divested of any right, title and interest that they may have in the retirement or pension benefits of the other. Tina Lunsford has appealed the trial court's ruling.

In our review of the trial court's decision, we review the trial court's factual findings de novo, with a presumption of the correctness of the findings of the trial court. Tenn. R. App. P. 13(d). No such presumption applies to a trial court's conclusions of law, which we review de novo. Id. ; *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995) . The question of the right to Mr. Lunsford's pre-retirement death benefit provided by the YMCA Retirement Fund involves a question of law.

In the case before us, the plaintiff, Tina Lunsford, maintains that the Employee Retirement Income Security Act (ERISA) preempts state law and negates any claimed waiver. Section 1144(a) of ERISA provides that federal law shall supercede all state law which "relate to" an ERISA plan. 29 U.S.C. § 1144(a) (1985). This preemption provision is construed broadly and a law is deemed to "relate to" an ERISA plan "if it has a connection with or reference to such a plan. . ." *Shaw v.*

*Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Determination of beneficiary status is an area of core ERISA concern and, since this case involves the designation of beneficiaries in a YMCA ERISA plan, federal law must be applied. *McMillan v. Parrot*, 913 F.2d 310 (6th Cir. 1990).

In *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001), the United States Supreme Court held that an ERISA plan administrator must pay plan benefits, such as the proceeds at issue here, to the named beneficiary only. The Retirement Equity Act of 1984 provides an exception to this restriction. A qualified domestic relations order (QDRO) "creates or recognizes the existence of an alternative payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under the plan . . ." 29 U.S.C. 1056(d)(3)(B)(i)(I). Thus, a QDRO is exempted from ERISA's preemption provisions and may be used to distribute funds to a payee who was not the primary beneficiary if appropriate under our state's laws.

We recognize that it is settled law in Tennessee that the designation of beneficiaries on life insurance policies and the death benefits in annuity agreements are matters of contract between the participant and the company or organization issuing the policy of life insurance or funding the annuity agreement. *Bowers v. Bowers,* 637 S.W.2d 456 (Tenn. 1982); *Sun Life Assurance Co. v. Hicks*, 844 S.W.2d 652 (Tenn. Ct. App. 1992); *Teachers Ins. & Annuity Assoc. v. Harris,* 797 S.W.2d 592 (Tenn. Ct. App. 1985); *In re: Estate of James H. Williams*, No. M2000-02434-COA-R3-CV (Tenn. Ct. App. April 28, 2003) (Tenn. R. App. P. 11 application denied October 6, 2003). As such, the beneficiary may be changed only by substantially complying with the contract provisions. *Sun Life Assurance Co. v. Hicks*, 844 S.W.2d at 654; *Massachusetts Mutual Life Insurance Company v. Henry,* 638 S.W.2d 410 (Tenn. App. 1982). It cannot be accomplished by will, *Cook v. Cook,* 521 S.W.2d 808 (Tenn. 1975); *Stoker v. Compton,* 643 S.W.2d 895 (Tenn. App. 1981), by completing a survey conducted by an employer, *Sun Life Assurance Co. v. Hicks*, supra., by a decree of divorce, *Bowers v. Bowers,* supra., or a marital dissolution agreement. *Teachers Ins. & Annuity Assoc. v. Harris,* 797 S.W.2d at 595.

We further recognize that, analytically, there would seem to be no practical distinction between a death benefit in an annuity agreement and the death benefit in a retirement plan and none has been propounded to us. Consequently, the rationale contained in the cases we have cited apply to the situation before the court. According to the testimony of Kurt R. Kaboth, the secretary and general counsel for the YMCA Retirement Fund, the specified method for changing a beneficiary was to contact the fund and ask for a Change of Beneficiary Form. The form would then have to be executed before a notary public and returned to the Fund's office. There was no evidence Mr. Lunsford ever communicated with the Fund concerning changing his designated beneficiary even though he was mailed a Benefits Statement dated June 30, 2003, indicating Tina Lunsford was the primary beneficiary of his pre-retirement death benefit. According to the contract between Robert W. Lunsford and the YMCA Retirement Fund, Tina Lunsford was the beneficiary of his pre-retirement death benefit at the time of his death.

The foregoing conclusion does not, however, end the inquiry before us. In the present case, the marital dissolution agreement provided that the appellant waived and released any right, title and interest which she had "to any retirement payment or annuity" by virtue of Robert Lunsford's employment. The agreement further provided that this waiver provision would have the "same force and effect as if . . . she had signed any waiver forms releasing . . . her aforementioned interest." Finally, Tina Lunsford agreed "to execute whatever documents may be required in this regard <u>in the future</u>, as necessary, to accomplish the purposes heretofore stated." (emphasis added). It is this continuing duty to execute whatever documents that may be required to accomplish the purpose and intent of the marital dissolution agreement that differentiates this case from other cited cases. At the time of his death, Robert Lunsford clearly had a contractual right to require the appellant to execute any document that might be required to effectuate her waiver and release of any interest she might have in retirement or annuity benefits. Following his death, Mr. Lunsford's personal representative had the right to enforce this contractual provision in his behalf. Since the trial court could have required the appellant to execute a waiver and release of Mr. Lunsford's retirement plan death benefit, it was not error to divest the appellant of any interest she might have in the benefit and award it to the contingent beneficiaries by way of a QDRO.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the appellant, Tina M. Lunsford.

_____
DONALD P. HARRIS, SENIOR JUDGE